COURT OF APPEALS
DECISION
DATED AND FILED

November 8, 2022

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2022AP728**

STATE OF WISCONSIN

Cir. Ct. No. 2020SC19528

IN COURT OF APPEALS
DISTRICT i

LVNV FUNDING LLC,

    PLAINTIFF-RESPONDENT,

  V.

MYIESHA STANTON,

    DEFENDANT-THIRD-PARTY

    PLAINTIFF-APPELLANT,

  V.

FOUR KEYS LLC D/B/A ROSEN NISSAN & KIA,

    THIRD-PARTY DEFENDANT-RESPONDENT.

APPEAL from a judgment of the circuit court for Milwaukee County: DAVID C. SWANSON, Judge. *Affirmed*.

¶1     BRASH, C.J.[1]  Myiesha Stanton appeals the judgment of the trial court granting summary judgment in favor of LVNV Funding LLC in its small claims action against Stanton with regard to an unpaid credit card balance. Stanton also appeals the trial court's grant of summary judgment to Four Keys LLC d/b/a Rosen Nissan and Kia, which Stanton impleaded in a third-party complaint, alleging that Rosen had opened the credit card and charged a $1,000 down payment on it without her knowledge.  Upon review, we affirm.

## BACKGROUND

¶2     In May 2018, Stanton went to Rosen's car dealership for the purpose of leasing a vehicle.  She chose to lease a 2018 Nissan Sentra; however, she did not have sufficient funds for a down payment.  Stanton contends that the salesman for Rosen told her she was eligible for a "college discount," but that he instead opened a credit card in her name without her knowledge, and charged $1,000 on the card for her down payment on the lease.

¶3     Stanton did not make payments on that credit card, and thus a small claims action was commenced against her by LVNV Funding in September 2020 for the unpaid balance on the card, in the amount of $1,271.04.  Stanton then impleaded Rosen in a third-party complaint she filed in December 2020, alleging: misrepresentation; fraudulent representation pursuant to WIS. STAT. § 100.18; prohibited activities by a credit services organization as set forth in WIS.

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(a) (2019-20). All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.  We further note that while Stanton's allegations in her third-party complaint would be based on the statutes in the 2017-18 version in effect at the time of her transaction with Rosen, there are no material differences between that version of those statutes and the 2019-20 version.

STAT. § 422.503; false, misleading, and deceptive statements relating to the extension of consumer credit in violation of WIS. STAT. § 423.301; and unconscionable practices by a licensed motor vehicle dealer, as set forth in WIS. STAT. § 218.0116(1)(f).

¶4      Both LVNV Funding and Rosen filed motions for summary judgment.  At a hearing on those motions held in March 2022, the trial court observed that this matter "boils down to one question," that is, whether Stanton knew about the credit application at the time it was submitted.  The court found that the evidence established that Stanton did not have $1,000 for a down payment at the time she leased the vehicle from Rosen.  The court further found that Stanton had completed the credit application because it included information only she would have known, such as her social security number.  The court determined that Stanton thus knew that this was the means for obtaining her down payment funds.

¶5      The trial court observed that perhaps Stanton was confused by the structure of the financing, or simply regretted her decision to finance the $1,000 down payment.  However, the court found that Stanton had not submitted any evidence supporting her claims, whereas the documentation submitted by Rosen and LVNV Funding clearly showed that Stanton had entered into the financing arrangement.  The court therefore determined that there were no genuine issues of material fact, and granted the motions for summary judgment of both LVNV Funding and Rosen.  This appeal follows.

## DISCUSSION

¶6      On appeal, Stanton argues that the trial court improperly granted summary judgment in favor of LVNV Funding and Rosen.  This court reviews a

3

trial court's decision to grant summary judgment independently, applying the same methodology employed by the trial court, in accordance with WIS. STAT. § 802.08. *Kohn v. Darlington Cmty. Sch.*, 2005 WI 99, ¶11, 283 Wis. 2d 1, 698 N.W.2d 794. Summary judgment shall be granted only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Sec. 802.08(2).

¶7 In evaluating the evidence submitted by the parties, this court "draw[s] all reasonable inferences from the evidence in the light most favorable to the non-moving party." *Pum v. Wisconsin Physicians Serv. Ins. Corp.*, 2007 WI App 10, ¶6, 298 Wis. 2d 497, 727 N.W.2d 346. "Whether an inference is reasonable and whether more than one reasonable inference may be drawn are questions of law." *Id.* However, under summary judgment methodology, the court "does not decide issues of credibility, weigh the evidence, or choose between differing but reasonable inferences from the undisputed facts" in reviewing a motion for summary judgment. *Fortier v. Flambeau Plastics Co.*, 164 Wis. 2d 639, 665, 476 N.W.2d 593 (Ct. App. 1991).

¶8 Nevertheless, "when the party moving for summary judgment supports its motion adequately, the party opposing the motion must come forward with specific facts showing a genuine dispute." *Id.* at 664; *see also* WIS. STAT. § 802.08(3). Then, if "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial,'" and granting summary judgment is proper. *Fortier*, 164 Wis. 2d at 664 (citation and one set of quotation marks omitted).

¶9	In our review of the record, it appears that the only submission made by Stanton was an affidavit in which she merely reiterates the allegations of her third-party complaint: that she did not authorize Rosen to "open a credit card on [her] behalf" and charge the $1,000 down payment to it. She averred that she thought she was receiving a gift card in the amount of $1,000 as a "college discount," that she would be able to use for gas purchases.

¶10	First, we note that Stanton admits in her third-party complaint that she did not have sufficient funds for a down payment for the vehicle. Rosen, however, submitted Stanton's lease documents, which reflect a $1,000 down payment; Rosen also submitted a credit application signed by Stanton. Additionally, Rosen submitted a "College Grad" rebate application signed by Stanton which reflects a rebate amount of $2,625, and her lease documents show that she received a credit of $2,625.

¶11	This evidence supports the motions for summary judgment by Rosen and LVNV Funding, in that the only reasonable inference that can be drawn is that Stanton was aware of the financing arrangement for her vehicle lease; specifically, that she knew the credit card account was being opened and charged to finance her down payment. *See Pum*, 298 Wis. 2d 497, ¶6. It was therefore incumbent on Stanton to "come forward with specific facts showing a genuine dispute." *See Fortier*, 164 Wis. 2d at 664. However, the only "evidence" Stanton submitted was her affidavit, which contained nothing more than "self-serving statements" based on "supposition and conjecture," and "lacking factual basis." In short, there is nothing in the record to support Stanton's allegations and her "version of what occurred."

¶12 Nevertheless, Stanton argues that the trial court's decision improperly "weighed the credibility of Stanton instead of accepting her evidentiary facts." However, as we just explained, Stanton provided no evidentiary facts; instead, her claims were based on either "wishful thinking" or confusion over the documents she signed.[2]

¶13 Indeed, our review of the record reveals no manner in which a "rational trier of fact" could find for Stanton. *See id.* Therefore, the trial court properly granted summary judgment.[3] Accordingly, we affirm.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.

---

[2] We further note Rosen filed a motion for sanctions, asserting that Stanton's third-party complaint was frivolous. The trial court rejected that motion, finding that Stanton's claims were based on "a good-faith misunderstanding of what she signed."

[3] Stanton also raises in this appeal the issue of "[w]hether the defenses raised by Rosen were properly decided in favor of Rosen." This argument appears to be related to Rosen's affirmative defenses set forth in its answer, such as waiver and the statute of limitations. Findings relating to these defenses were included in Rosen's Proposed Findings of Fact and Conclusions of Law, as submitted to the trial court. However, the final Findings of Fact and Conclusions of Law signed by the trial court did not include any findings or conclusions regarding those defenses. In any event, based on our decision that the trial court properly granted summary judgment in favor of both Rosen and LVNV Funding, as a matter of law based on the facts in the record, we need not reach Stanton's argument regarding Rosen's defenses. *See Cholvin v. DHFS*, 2008 WI App 127, ¶34, 313 Wis. 2d 749, 758 N.W.2d 118 ("if a decision on one point disposes of the appeal, we will not decide the other issues raised").